## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE CINCINNATI INSURANCE COMPANY,       CIVIL DIVISION

      Plaintiff,

      vs.       No.

UNION INSURANCE COMPANY, PHILADELPHIA
INDEMNITY INSURANCE COMPANY, EVEREST
INDEMNITY INSURANCE COMPANY, BUDGET
MAINTENANCE CONCRETE SERVICES, INC.,
BUDGET MAINTENANCE INDUSTRIAL
SERVICES, INC., BUDGET MAINTENANCE
BUILDING SERVICES, INC., BUDGET MAINTENANCE
CONSTRUCTION SERVICES, BUDGET
MAINTENANCE, INC., C. RAYMOND DAVIS &
SONS, INC., MILLSTAT, LLC, ACCELERATED
FIRE PROTECTION, INC., MCNALLY
CONSTRUCTION, LLC, KEARES ELECTRICAL
CONTRACTING, INC., LONG'S HEATING &
COOLING, INC., LEON OATES, an Incapacitated Person,
by Kenae Oates, Guardian, KENYATTA OATES, MALVERN
PREPARATORY SCHOOL & FRIENDS OF
HAVERFORD ROWING, JOINT VENTURE a/k/a
and/or d/b/a MALVERN PREPARATORY SCHOOL
& HAVORFORD SCHOOL, MALVERN
PREPARATORY SCHOOL & FRIENDS OF
HAVERFFORD SCHOOL ROWING, JOINT VENTURE,
MALVERN PREPARATORY SCHOOL, FRIENDS OF
HAVERFORD SCHOOL ROWING a/k/a and/or d/b/a THE
HAVERFORD SCHOOL, FRIENDS OF HAVERFORD
ROWING a/k/a and/or d/b/a FRIENDS OF HAVERFORD
SCHOOL ROWING, and THE  HAVERFORD SCHOOL,

      Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

AND NOW comes the Plaintiff, The Cincinnati Insurance Company, by and through its

undersigned counsel, Davies, McFarland & Carroll, L.L.C., and pursuant to 28 U.S.C. §§ 2201-

2202, files the within action for declaratory judgment, stating as follows:

## I. The Parties

1.      Plaintiff, The Cincinnati Insurance Company (hereinafter "CIC"), is an Ohio corporation with a principal place of business located at 6200 South Gilmore Road, Fairfield, Ohio 45014.

2.      CIC insures C. Raymond Davis & Sons, Inc. (hereinafter "Davis"). Davis is a Pennsylvania corporation with a principal place of business located at 2124 Kimberton Road, Kimberton, Pennsylvania 19442. Defendant Davis is identified as a nominal Defendant as it is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

3.      Defendant, Union Insurance Company (hereinafter "Union"), is a business entity organized under the laws of Iowa with a principal place of business in Iowa.

4.      Union insures Budget Maintenance, Inc. which is a Pennsylvania corporation with a principal place of business located at 135 Walnut Street, Pottstown, Pennsylvania 19464. Defendant Budget Maintenance, Inc. is identified as a nominal Defendant as it is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

5.      Defendant, Budget Maintenance Concrete Services, Inc., is a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principle place of business at 800 Industrial Highway, Bldg. A., Pottstown, Pennsylvania 19464. Defendant, Budget Maintenance Concrete Services, Inc., is identified as a nominal Defendant as it is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

6.      Defendant, Budget Maintenance Industrial Services, Inc., is a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principle place of business at 800 Industrial Highway, Bldg. A., Pottstown, Pennsylvania 19464. Defendant, Budget Maintenance Industrial Services, Inc., is identified as a nominal Defendant as it is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

7.      Defendant, Budget Maintenance Building Services, Inc., is a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principle place of business at 135 Walnut Street, Pottstown, Pennsylvania 19464. Defendant, Budget Maintenance Building Services, Inc., is identified as a nominal Defendant as it is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

8.      Defendant, Budget Maintenance Construction Services, Inc., is a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principle place of business at 135 South Whitford Road, Exton, Pennsylvania 19464. Defendant, Budget Maintenance Construction Services, Inc., is identified as a nominal Defendant as it is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

9.      Defendant, Millstat, LLC, is a limited liability corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principle place of business at 104 South Wayne Avenue, Wayne, Pennsylvania 19087. Defendant Millstat, LLC is identified as a nominal Defendant as it is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

10.     Defendant, Philadelphia Indemnity Insurance Company (hereinafter "Philadelphia Indemnity"), is corporation organized and existing under the laws of Pennsylvania, with its principal place of business at One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004. Philadelphia Indemnity insures Millstat.

11.     Defendant, Accelerated Fire Protection, Inc. (hereinafter "Accelerated"), is a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principle place of business at 500 North Walnut Road, Kennett Square, Pennsylvania 19348. Defendant Accelerated is identified as a nominal Defendant as it is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

12.     Defendant, Everest Indemnity Insurance Company (hereinafter "Everest Indemnity"), is a corporation organized and existing under the laws of Delaware, with its principal place of business located in Liberty Corner, New Jersey. Everest Indemnity insures Accelerated.

13.     Defendant, Keares Electrical Contracting, Inc. (hereinafter "Keares"), is a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principle place of business at 633 Jeffers Circle, Exton, Pennsylvania 19341. Defendant Keares is identified as a nominal Defendant as it is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

14.     Defendant, McNally Construction, LLC (hereinafter "McNally"), is a limited liability company or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principle place of business at 35 Ashley Circle, Gilbertsville, Pennsylvania 19525. Defendant McNally is identified as a nominal Defendant as it

is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

15.     Defendant, Longs Heating and Cooling, Inc. (hereinafter "Long's"), is a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principle place of business at Unit 2829 Lincoln Avenue, West Chester, Pennsylvania 19380. Defendant Long's is identified as a nominal Defendant as it is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

16.     Defendant, Leon Oates, an Incapacitated Person, by Kenae Oates, Guardian, is a Plaintiff in the underlying consolidated civil action presently pending in the Court of Common Pleas of Philadelphia County, Pennsylvania at No. 02036. Defendant is a citizen of Pennsylvania who resides at 6429 Revere Street, Philadelphia, Pennsylvania 19149. Defendant, Leon Oates, an Incapacitated Person, by Kenae Oates, Guardian, is identified as a nominal Defendant as he is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

17.     Defendant, Kenyatta Oates, is a Plaintiff in the underlying consolidated civil action presently pending in the Court of Common Pleas of Philadelphia County, Pennsylvania at No. 02036. Defendant is a citizen of Pennsylvania who resides at 6429 Revere Street, Philadelphia, Pennsylvania 19149. Defendant is identified as a nominal Defendant as she is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

18.     Defendant, Malvern Preparatory School & Friends of Haverford Rowing, Joint Venture a/k/a/ and/or d/b/a Malvern Preparatory School & The Haverford School, is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its

principle place of business at 418 S. Warren Ave., Malvern, Pennsylvania 19355. Defendant, Malvern Preparatory School & Friends of Haverford Rowing, Joint Venture a/k/a/ and/or d/b/a Malvern Preparatory School & The Haverford School, is identified as a nominal Defendant as it is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

19.     Defendant, Malvern Preparatory School & Friends of Haverford School Rowing, Joint Venture, is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principle place of business at 418 S. Warren Ave., Malvern, Pennsylvania 19355. Defendant, Malvern Preparatory School & Friends of Haverford School Rowing, Joint Venture, is identified as a nominal Defendant as it is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

20.     Defendant, Malvern Preparatory School, is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principle place of business at 418 S. Warren Ave., Malvern, Pennsylvania 19355. Defendant, Malvern Preparatory School, is identified as a nominal Defendant as it is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

21.     Defendant, Friends of Haverford School Rowing a/k/a and/or d/b/a The Haverford School, is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principle place of business at 122 Trianon Lane, Villanova, Pennsylvania 19087. Defendant, Friends of Haverford School Rowing a/k/a and/or d/b/a The Haverford School, is identified as a nominal Defendant as it is a party without a real interest in the within

litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

22.     Defendant, Friends of Haverford Rowing a/k/a and/or d/b/a Friends of Haverford School Rowing, is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principle place of business at 122 Trianon Lane, Villanova, Pennsylvania 19087. Defendant, Friends of Haverford Rowing a/k/a and/or d/b/a Friends of Haverford School Rowing, is identified as a nominal Defendant as it is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

23.     Defendant, The Haverford School, is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principle place of business at 450 West Lancaster Avenue, Haverford, Pennsylvania 19041. Defendant, The Haverford School, is identified as a nominal Defendant as it is a party without a real interest in the within litigation. There are no claims asserted against said Defendant within this action for declaratory judgment.

## II. Jurisdiction and Venue

24.     The instant Complaint for Declaratory Judgment is filed pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, as there is an actual justifiable controversy between Union, Philadelphia Indemnity, Everest Indemnity and CIC regarding whether Union, Philadelphia Indemnity, and Everest Indemnity have a duty to defend and to indemnify CIC-insured Davis with respect to the claims asserted in the underlying lawsuit, as more particularly described below.

25.     This Honorable Court has personal jurisdiction over Defendants Union, Philadelphia Indemnity, and Everest Indemnity as Union, Philadelphia Indemnity, and Everest Indemnity have minimum contacts with Pennsylvania, the forum state, which do not offend

traditional notions of fair play and substantial justice. Union, Philadelphia Indemnity, and Everest Indemnity conduct continuous and systematic activities in the Commonwealth, specifically writing insurance policies to Pennsylvania corporations including Budget, Millstat, and Accelerated.

26.     This Honorable Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. §1332(a)(1), governing diversity jurisdiction, because the amount in controversy, exclusive of interest and costs, exceeds $75,000 and the suit is between citizens of different states.

27.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, because the underlying lawsuit is venued in Philadelphia County, and the alleged operative facts of the underlying lawsuit occurred in Montgomery County, which is located within the Eastern District of Pennsylvania.

### III. Factual Background

#### A.    The Underlying Action

28.     Leon and Kenyatta Oates filed civil actions at Court of Common Pleas of Philadelphia County, Pennsylvania docket nos. 1795 and 02036. The actions were consolidated at docket no. 02036 by Order dated April 11, 2017 (referred to herein as "the underlying action"). Defendants in the underlying action include Malvern Preparatory School & Friends of Haverford Rowing, Joint Venture a/k/a and/or d/b/a Malvern Preparatory School & The Haverford School, Malvern Preparatory School & Friends of Haverford School Rowing, Joint Venture, Malvern Preparatory School, Friends of Haverford School Rowing a/k/a and/or d/b/a The Haverford School, Friends of Haverford Rowing a/k/a and/or d/b/a Friends of Haverford School Rowing, The Haverford School, C. Raymond Davis & Sons, Inc. (General Contractor), Millstat, LLC (Subcontractor), Accelerated Fire Protection, Inc. (Subcontractor), Budget

Maintenance Concrete Services, Inc., Budget Maintenance Industrial Services, Inc., Budget Maintenance Building Services, Inc., Budget Maintenance Construction Services, Budget Maintenance, Inc. (Subcontractor), McNally Construction, LLC (Subcontractor), Keares Electrical Contracting, Inc. (Subcontractor), and Long's Heating and Cooling, Inc. (Subcontractor). True and correct copies of the Complaints in Civil Action filed in the consolidated case are attached hereto and marked collectively as Exhibit "1". CIC adopts and incorporates the entirety of said Complaints by reference, as if set forth more fully at length herein.

29.     Plaintiffs in the underlying action seek damages for bodily injury, past and future medical expenses, and loss of wages and earning capacity sustained by Leon Oates as a result of an incident that occurred on or about August 22, 2014.

30.     Mr. Oates avers that on or about August 22, 2014, while he was performing waterproofing/caulking at a boathouse construction project, he fell approximately 20 feet through a drop ceiling and continued to fall approximately 15 feet down concrete steps See, Exhibit "1", ¶73-77.

31.     Mr. Oates alleges he suffered from a massive and debilitating brain injury, fractures, orthopedic injuries, and mental and emotional pain and suffering. See, Exhibit "1", ¶78.

32.     The Complaint contains allegations of negligence in separate counts filed against Malvern Prep/Haverford Defendants (Count I), C. Raymond Davis & Sons, Inc. (Count II), Millstat, LLC (Count III), Accelerated Fire Protection, Inc. (Count IV), Budget Defendants (Count V), McNally Construction, LLC (Count VI), Keares Electrical Contracting, Inc. (Count VII), and Long's Heating and Cooling, Inc. (Count VIII). See, Exhibit "1".

33.     Taken together, all of the allegations of negligence made by Mr. and Mrs. Oates against the Defendants relate either to their alleged failure with respect to providing a safe workplace or their failure to warn of a dangerous and/or unsafe condition existing on the premises of the construction project.

34.     The Defendants are alleged to be jointly and severally liable for the injuries and damages sustained by Mr. Oates. See, Exhibit "1", ¶79.

**B.      Subcontract Agreement between Davis and Budget Maintenance Construction Services**

35.     On or about April 14, 2014, CIC-insured Davis and Union-insured Budget Maintenance Construction Services executed a Subcontract Agreement for waterproofing work to be performed on a boathouse building in Conshohocken, Pennsylvania. On or about February 18, 2002, Budget executed an Indemnification Agreement.  The Subcontract Agreement and Indemnification Agreement provided that Budget Maintenance Construction Services would indemnify and defend Davis.   True and correct copies of the Subcontract Agreement and Indemnification Agreement are attached hereto and marked as Exhibits "2" and "3'.

36.     Pursuant to 4.A. of the Subcontract Agreement, a Certificate of Liability Insurance was obtained listing "Budget Maintenance Inc., d/b/a Budget Mntnnc Concrete Svs, Budget Mntnnc Const Svc, Budget Mntnnc Emergency Svc" as the insured and Davis as an additional insured under Union Insurance's CGL Policy No. CPA4263678 effective January 1, 2014 through January 1, 2015. A true and correct copy of Budget's Certificate of Liability Insurance is attached hereto and marked as Exhibit "4".

37.     The Subcontract Agreement provides as follows:

1.      DEFINITIONS:

D.      Subcontractor's Work: Provide all supervision, labor, materials, fasteners and equipment to provide waterproofing work at the Conshohocken Rower Center project. Work is per the intent of the plans and specifications and addenda

provided by Blackney Hayes Architects, Momenee Associates and the project's associated professionals. Responsible for work complete except for the following specific exclusions:

EXCLUDED: Foundation Waterproofing (one course of blockwork)

4. SUBCONTRACTOR AGREES:

A.   Insurance: Before commencing work, Subcontractor shall procure and maintain at its expense, the following insurance coverage with insurance companies having an A.M. Best rating of not less than A: VIII which are acceptable to Contractor and/or Owner:

    (2)   Commercial General Liability Insurance on an "occurrence basis with a minimum limit of liability of $1,000,000 per occurrence, $2,000,000 aggregate, containing a per job aggregate and completed operations coverage for Contractor.

    (4)   Umbrella Liability Insurance on an "occurrence" basis with a minimum limit of liability of $3,000,000.

Before commencing work, Subcontractor shall furnish to Contractor and/or Owner Certificates of Insurance from each insurance company showing that the above insurance coverages are in effect, including the interest of Contractor and/or Owner as additional insurance.

All insurances supplied by Subcontractor are primary and noncontributory.

F.   Indemnity: To the fullest extent permitted by law, Subcontractor shall defend, indemnify, and hold harmless C. Raymond Davis & Sons, Inc. its agents and employees from and against all claims, actions, damages, losses, liabilities, costs, legal fees and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Subcontractor's work, including any tangible property (other than Work itself) including loss of use resulting therefrom, caused in whole or in part by any acts or omissions of Subcontractor, its employees, agents, subcontractors, anyone directly or indirectly employed or hired by them, or anyone for whose acts they may be liable, or any unexcused delay, breach of warranty, or default in performance on the part of the Subcontractor hereunder, regardless of where [sic] or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this agreement.

All insurances supplied by subcontractor are primary and noncontributory.

**C.   Subcontract Agreement between Davis and Millstat**

38.   On or about October 29, 2013, CIC-insured Davis and Philadelphia-insured

Millstat, executed a Subcontract Agreement for fire alarm work to be performed on the

Boathouse building in Conshohocken, Pennsylvania. On November 4, 2013, Millstat executed an

Indemnification Agreement. The Subcontract Agreement and Indemnification Agreement

provided that Millstat would indemnify and defend Davis.  True and correct copies of the

Subcontract Agreement and Indemnification Agreement are attached hereto and marked as

Exhibits "5" and "6".

      39.    Pursuant to 4.A. of the Subcontract Agreement, Millstat obtained a

Certificate of Liability Insurance listing Davis as an additional insured under Philadelphia

Indemnity's CGL Policy No. PHPK980919 effective February 27, 2014 through February 27,

2015. A true and correct copy of Millstat's Certificate of Liability Insurance is attached hereto

and marked as Exhibit "7".

      40.    The Subcontract Agreement provides as follows:

1.    DEFINITIONS:

D.    Subcontractor's Work: Provide all supervision, labor, materials, fasteners and equipment to provide Fire Alarm Work at the Conshohocken Rowing Center project. Work is per the intent of the plans and specifications and addenda provided by Blackney Hayes Architects, Momenee Associates and the project's associated professionals. Responsible for work complete except for the following specific exclusions:

    EXCLUDED: None.

4. SUBCONTRACTOR AGREES:

A.    Insurance: Before commencing work, Subcontractor shall procure and maintain at its expense, the following insurance coverage with insurance companies having an A.M. Best rating of not less than A: VIII which are acceptable to Contractor and/or Owner:

    (2)    Commercial General Liability Insurance on an "occurrence basis with a minimum limit of liability of $1,000,000 per occurrence, $2,000,000 aggregate, containing a per job aggregate and completed operations coverage for Contractor.

(4)     Umbrella Liability Insurance on an "occurrence" basis with a minimum limit of liability of $3,000,000.

Before commencing work, Subcontractor shall furnish to Contractor and/or Owner Certificates of Insurance from each insurance company showing that the above insurance coverages are in effect, including the interest of Contractor and/or Owner as additional insurance.

All insurances supplied by Subcontractor are primary and noncontributory.

F.     Indemnity: To the fullest extent permitted by law, Subcontractor shall defend, indemnify, and hold harmless C. Raymond Davis & Sons, Inc. its agents and employees from and against all claims, actions, damages, losses, liabilities, costs, legal fees and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Subcontractor's work, including any tangible property (other than Work itself) including loss of use resulting therefrom, caused in whole or in part by any acts or omissions of Subcontractor, its employees, agents, subcontractors, anyone directly or indirectly employed or hired by them, or anyone for whose acts they may be liable, or any unexcused delay, breach of warranty, or default in performance on the part of the Subcontractor hereunder, regardless of where [sic] or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this agreement.

All insurances supplied by subcontractor are primary and noncontributory.

**D.     Subcontract Agreement between Davis and Accelerated**

41.     On or about June 12, 2013, CIC-insured Davis and Everest-insured Accelerated, executed a Subcontract Agreement for fire suppression system work to be performed at the Boathouse building in Conshohocken, Pennsylvania. On July 17, 2013, Accelerated executed an Indemnification Agreement. The Subcontract Agreement and Indemnification Agreement provided that Accelerated would indemnify and defend Davis. True and correct copies of the Subcontract Agreement and Indemnification Agreement are attached hereto and marked as Exhibits "8" and "9".

42.     Pursuant to 4.A. of the Subcontract Agreement, Accelerated obtained a Certificate of Liability Insurance listing Davis as an additional insured under Everest

Indemnity's CGL Policy No. 51GL005880-131 effective September 30, 2013 through

September 30, 2014. A true and correct copy of Accelerated's Certificate of Liability Insurance

is attached hereto and marked as Exhibit "10".

      43.    The Subcontract Agreement provides as follows:

1.    DEFINITIONS:

D.    Subcontractor's Work: Provide all supervision, labor, materials, fasteners and equipment to provide Fire Suppression System at the Conshohocken Rowing Center project. Work is per the intent of the plans and specifications and addenda provided by Blackney Hayes Architects, Momenee Associates and the project's associated professionals. Responsible for work complete except for the following specific exclusions:

    EXCLUDED:  Prevailing wage Rates
                     Fire Pump Installation
                     Painting or Isulation of Pipes
                     Electrical or Fire Alarm Work
                     Any Underground Fire Main Piping

4. SUBCONTRACTOR AGREES:

A.    Insurance: Before commencing work, Subcontractor shall procure and maintain at its expense, the following insurance coverage with insurance companies having an A.M. Best rating of not less than A: VIII which are acceptable to Contractor and/or Owner:

    (2)    Commercial General Liability Insurance on an "occurrence basis with a minimum limit of liability of $1,000,000 per occurrence, $2,000,000 aggregate, containing a per job aggregate and completed operations coverage for Contractor.

    (4)    Umbrella Liability Insurance on an "occurrence" basis with a minimum limit of liability of $3,000,000.

Before commencing work, Subcontractor shall furnish to Contractor and/or Owner Certificates of Insurance from each insurance company showing that the above insurance coverages are in effect, including the interest of Contractor and/or Owner as additional insurance.

All insurances supplied by Subcontractor are primary and noncontributory.

F.    Indemnity: To the fullest extent permitted by law, Subcontractor shall defend, indemnify, and hold harmless C. Raymond Davis & Sons, Inc. its agents and employees from and against all claims, actions, damages, losses, liabilities, costs,

legal fees and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Subcontractor's work, including any tangible property (other than Work itself) including loss of use resulting therefrom, caused in whole or in part by any acts or omissions of Subcontractor, its employees, agents, subcontractors, anyone directly or indirectly employed or hired by them, or anyone for whose acts they may be liable, or any unexcused delay, breach of warranty, or default in performance on the part of the Subcontractor hereunder, regardless of where [sic] or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this agreement.

All insurances supplied by subcontractor are primary and noncontributory.

###### E.    The Union Insurance Policy

44.    Union Policy CPA 4263678-41 provides as follows with regard to Commercial

General Liability:

ADDITIONAL INSURED-OWNERS, LESSEES OR CONTRACTORS-AUTOMATIC STATUS

1.   SECTION II- WHO IS AN INSURED is amended to include as an additional insured any person or organization to whom you are obligated by written contract or written agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

    a.   Your acts or omissions; or
    b.   The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the addition insured.

A person's or organization's status as an additional insured under this policy ends when your operations for that additional insured are completed.

2.   With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

    b.   "Bodily injury" or "property damage" occurring after:

        (1) All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the

additional insured(s) at the location of the covered operations has been completed; or

(2) That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as part of the same project.

3. The insurance provided by this endorsement is primary insurance and we will not seek contribution under any insurance policy under which such additional insured is a named insured, if such policy was procured and paid for by such additional insured, or a parent or related entity of such additional insured.

4. With respect to the insurance afforded to these additional insureds, SECTION III-LIMITS OF INSURANCE is amended as follows:

The limits applicable to the additional insured are those specified in the written contract or agreement or the limits stated in the Declarations, whichever is less. If no limits are specified in the written contract or agreement, the limits applicable to the additional insured are those specified in the Declarations. The limits of insurance are inclusive of and not in addition to the limits of insurance shown in the Declarations.

## ADDITIONAL INSURED-AMENDMENT-OTHER INSURANCE

With respect to any person or organization to whom you are obligated by written contract or written agreement that such person or organization be added as an additional insured on your policy and to which this insurance is required to be primary and "non-contributory" in a written contract or written agreement executed prior to the "bodily injury", "property damage" or "personal and advertising injury", the insurance provided to the person or organization is Primary Insurance and we will not seek contribution from any other insurance available to that additional insured subject to the following amendment to policy language.

A. With respect to the coverage provided by this endorsement, Section IV-Commercial General Liability Conditions, Paragraph 4. Other Insurance, Subparagraph a. Primary Insurance is deleted and replaced by the following:

4. Other Insurance: If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

(a) Primary Insurance: This insurance is primary except when b. applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below, except:

If a written contract or agreement that requires any person(s) or organization(s) to be an additional insured also required this insurance to be primary and "noncontributory", then this insurance is primary over any other insurance in which the additional insured is

named as an insured. We will not seek contribution from the additional insured's policy for damages we cover, subject to the following provisions:

(1)     The limits of insurance applicable to the additional insured are those specified in the written contract or agreement or in the Declarations for this policy, whichever is less. These limits of insurance are inclusive of and not in addition to the limits of insurance shown in the Declarations.

(2)     This policy does not apply for defense or indemnity of the additional insured if state or federal law does not permit indemnification of the additional insured by the Named Insured for the claim of a third party.

(3)     This insurance does not apply if the written contract or agreement was not executed by the Named Insured and additional insured prior to the "occurrence" giving rise to the additional insured's potential liability.

(4)     The insurance provided the additional insured by this endorsement does not apply to liability resulting from the sole negligence of the additional insured.

(5)     The insurance does not apply to the additional insured's liability to indemnify, defend or hold harmless a third party.

B.     The following definition is added to DEFINITION (Section VI):

"Non-contributory" means that other liability insurance available to the additional insured will be treated as excess and will not contribute as primary with this insurance. However, this insurance will, in all cases, be excess over any other liability insurance to which the person or organization has been added as an additional insured.

COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM

Section II-WHO IS AN INSURED

3. Any additional insured under any policy of "underlying insurance" will automatically be an insured under this insurance.

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance required by the contract, less any amounts payable by any "underlying insurance."

Additional insured coverage provided by this insurance will not be broader than coverage provided by the "underlying insurance."

A true and correct copy of the Union Policy is attached hereto and marked as Exhibit "11".

**F.    The Everest Indemnity Insurance Policy**

45.    Everest Indemnity Policy 51GL005880-131 provides as follows with regard to

Commercial General Liability:

> ADDITIONAL INSURED-OWNERS, LESSEES OR CONTRACTORS-
> AUTOMATIC STATUS WHEN REQUIRED IN WRITTEN CONTRACT OR
> AGREEMENT WITH YOU-INCLUDING COMPLETED OPERATIONS (FOR
> USE WITH FIRE SUPPRESSION SPRINKLER CONTRACTORS)

A. Section II-Who Is An Insured is amended to include as an additional insured any person
   or organization for whom you are performing operations, but only when you and such
   person or organization have agreed in writing in a contract or agreement prior to the
   commencement of such operations that such person or organization be added as an
   additional insured on your policy. Such person or organization is an additional insured
   only with respect to liability for "bodily injury", "property damage" or "personal and
   advertising injury" but only to the extent caused, in whole or in part, by:

   1. Your acts or omissions; or
   2. The acts or omissions of those acting on
      your behalf;
      in the performance of "your work" for an additional insured.

B. The insurance afforded to an additional insured shall only include the insurance required
   by the terms of the written agreement and shall not be broader than the coverage provided
   within the terms of the Coverage Part.

C. The Limits of Insurance afforded to an additional insured shall be the lesser of the
   following:

   1. The Limits of Insurance required by the written agreement between the parties; or
   2. The Limits of Insurance provided by this Coverage Part.

D. With respect to the insurance afforded to an additional insured, the following additional
   exclusions apply:

   This insurance does not apply to:

   1. "Bodily injury", "property damage", or "personal and advertising injury" arising out
      of any act or omission of an additional insured or any of its employees.
   2. "Bodily injury", "property damage" or "personal and advertising injury" arising out
      of any construction projects that are covered by a consolidated (wrap-up) insurance
      program. This exclusion also applied to any:

      (a) Work or operations performed; or
      (b) Materials, parts or equipment furnished;
      in connection with such wrap-up construction projects.

This exclusion applies whether or not the consolidated (wrap-up) insurance program:
(i)  Provides coverage identical to that provided by this endorsement;
(ii) Has adequate limits of insurance to pay for all sums as damages because of "bodily injury", "property damage" or medical expenses; or
(iii) Remains in effect during the entire period of the construction project.

AMENDMENT-OTHER INSURANCE (PRIMARY NONCONTRIBUTORY)
Condition 4. Other Insurance of Section IV COMMERCIAL GENERAL LIABILITY CONDITIONS is replaced by the following:

> a.  This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below, except that we will not seek contribution from any party with whom you have agreed in a written contract or agreement that this insurance will be primary and noncontributory, if the written contract or agreement was made prior to the subject "occurrence" or offense.

A true and correct copy of the Everest Indemnity Policy is attached hereto and marked as Exhibit "12".

### IV. Count I- Declaratory Judgment Regarding Union's Duty to Defend and to Indemnify

46.     CIC hereby incorporates by reference paragraphs 1-45 above as if fully set forth herein.

47.     CIC requested Union accept the tender of the defense of Davis pursuant to Policy No. CPA 4263678, effective January 1, 2014 to January 1, 2015 since Davis is listed as an additional insured on this Policy. On December 11, 2014, Major Case Unit Claim Specialist, Richard B. Robertson advised Mr. Dushkewich, Field Claims Superintendent for CIC, that he was investigating the claim and Union Insurance was not in a position to accept CIC's tender. In an email to Mr. Robertson dated April 14, 2016, Gary Gluck, Associate Manager of Region 11 Casualty Claims renewed CIC's tender of defense. In a letter dated, October 18, 2016, Mr. Robertson, advised Mr. Gluck that Union agreed to share in the defense of Davis, subject to a full reservation of rights. On February 22, 2017, Bill Potter, Major Case Unit Claims Specialist, advised Mr. Gluck in an email that Union agreed to pay 50% of Davis' defense costs. See, letter

from Mr. Dushkewich of CIC to Budget Maintenance and Union dated September 25, 2014, letter from Mr. Robertson to Mr. Dushkewich dated December 11, 2014, email from Mr. Gluck to Mr. Robertson dated April 14, 2016, letter from Mr. Robertson to Mr. Gluck dated October 18, 2016, and email from Mr. Potter to Mr. Gluck dated February 22, 2017, attached hereto collectively as Exhibit "13".

48.     Pursuant to the Subcontract Agreement between Davis and Budget and Union Commercial General and Umbrella Liability Policy No. CPA 4263678, Union has an obligation to defend and to indemnify Davis against the claims pled in the consolidated actions pending at consolidated docket no. 02036 in the Court of Common Pleas of Philadelphia County.

49.     Mr. Oates avers in the Complaints at consolidated action no. 02036 Budget's conduct caused him to suffer injuries.

50.     Mr. Oates' alleges a causal nexus between the waterproofing work performed and the harm he sustained.

51.     Mr. Oates avers he was working at the project performing waterproofing/caulking and "while doing so" fell 20 feet through a drop ceiling. The language "while doing so" establishes the existence of a causal nexus.

52.     Davis is listed as an additional insured for Commercial General Liability and Umbrella Liability Insurance on Budget's Certificate of Liability Insurance which states, "C. Raymond Davis & Sons, Inc., Malvern Preparatory School and The Frist of Haverford School of Rowing are included as additional insured as respect the insured and the insured's operation." The Certificate of Liability Insurance provides for general liability coverage in the amount of $1,000,000 and umbrella liability coverage in the amount of $5,000,000. See, Exhibit "4".

53.     Per the "Additional Insured-Owners, Lessees or Contractor-Automatic Status" provision of the Union Policy, Davis, the General Contractor, is an additional insured with

respect to liability for "bodily injury" to Mr. Oates caused in whole or in part by Budget's acts or omissions.

54.     Union remains fiscally responsible for defense costs associated with Mr. Oates' claim because Union-insured Budget plainly agreed in its Subcontract Agreement with Davis to defend, indemnify and hold harmless Davis "from and against all claims, actions, damages, losses, liabilities, costs, legal fees and expenses"... "arising out of or resulting from performance of the Subcontractor's work"..."caused in whole or in party by any acts or omissions of subcontractor." See, Exhibits "2" and "3". To date, defense costs in the amount of $17,906.82 have been incurred by CIC to defend the interests of Davis in the underlying consolidated action.

55.     The Subcontract Agreement between Davis and Budget also specifies all insurances supplied by Budget are to be "primary and noncontributory."  It is believed and therefore averred, the Union Policy supplied by Budget is primary and CIC's policy shall be treated as excess and shall not contribute as primary with Union.

56.     The Additional Insured Amendment in the Union Policy provides, "If a written contract or agreement that requires any person(s) or organization(s) to be an additional insured also requires this insurance to be primary and "non-contributory", then this insurance is primary over another insurance in which the additional insured is named as an insured. We will not seek contribution from the additional insured's policy for damages we cover." This Amendment solidifies Union's obligation as a primary insurer and makes clear it cannot seek contribution from CIC for damages they cover, which would include defense costs. See, Exhibit "11".

57.     A(4)(a)(2-5) of Union's Policy lists exceptions to the provision preventing Union from seeking contribution from the additional insured's policy for damages, however, these exceptions do not apply. See, Exhibit "11".

58.     Exception A(4)(a)(2) indicates the policy does not apply if state or federal law does not permit indemnification of the additional insured. This exception does not apply because there are no state or federal laws that forbid Union Insurance from indemnifying Davis. See, Exhibit "11".

59.     Exception A(4)(a)(3) states the policy does not apply if the written contract or agreement was not executed by the named insured and additional insured prior to the "occurrence" giving rise to the additional insured's potential liability. This exception does not apply because Budget and Davis entered into the Subcontract Agreement on April 14, 2014 before the Plaintiff fell at the construction site on August 22, 2014. See, Exhibit "11".

60.     Exception A(4)(a)(4) states the policy does not apply to liability resulting from the sole negligence of the additional insured. The language in (4)(a)(4) demonstrates a clear intent to preclude coverage for liability resulting from Davis' own acts of independent negligence. The Oates Complaint does not seek to hold Davis solely liable, rather, Mr. Oates seeks to hold all Defendants jointly and severally liable therefore this exception does not apply.

61.     Finally, Exception A(4)(a)(5) states the policy does not apply to the additional insured's liability to indemnify, defend or hold harmless a third party. Davis is not responsible for indemnifying or defending any third party so this exception is not applicable. See, Exhibit "11".

WHEREFORE, CIC respectfully requests this Honorable Court, declare that Union has a duty to defend Davis as an additional-insured in connection with the claims asserted in the underlying consolidated actions pending at docket no. 02036 and to reimburse defense costs incurred to date to defend Davis. Further, CIC requests the Court to declare Union's policy is primary to that of CIC with regard to any payment, including any indemnity payments.

## V.  Count II- Declaratory Judgment Regarding Philadelphia Indemnity's Duty to Defend and to Indemnify

62.      CIC hereby incorporates by reference paragraphs 1-61 above as if fully set forth herein.

63.      CIC requested Philadelphia Indemnity accept the tender of the defense of Davis in the underlying consolidated civil actions pursuant to Policy No. PHPK980919 since Davis is listed as an additional insured on Millstat's Certificate of Liability Insurance. See, November 15, 2017 letter from Mr. Gluck of CIC to Philadelphia Indemnity Claims Department, attached hereto as Exhibit "14".

64.      Philadelphia Indemnity denied CIC's request by letter on December 1, 2017 stating, "There is no evidence of any negligence on our insured in this matter, we must respectfully deny your tender in this matter." See, December 1, 2017 letter, attached hereto as Exhibit "15".

65.      Despite a request made on December 12, 2017, Philadelphia Indemnity refused to produce the entirety of Policy No. PHPK980919 to CIC. See, December 12, 2017 and December 13, 2017 emails, attached hereto as Exhibit "16".

66.      Pursuant to the Subcontract Agreement between Millstat and additional-insured Davis, the Certificate of Liability Insurance for Philadelphia Indemnity Commercial General Liability Policy No. PHPK980919 and Umbrella Liability Policy No. PHUB411664, and the Policy related thereto, Philadelphia Indemnity has an obligation to defend and to indemnify Davis against the claims arising out of the underlying consolidated action, pending at docket no. 02036.

67.      Philadelphia Indemnity remains fiscally responsible for defense costs associated with Mr. Oates' claim because Millstat's Philadelphia Indemnity Certificate of Liability Insurance lists Davis as an additional insured for Commercial General Liability and Umbrella

Liability Insurance. According to the Certificate of Liability Insurance, "C. Raymond Davis & Sons, Inc. is included as an additional insured including completed operations on a primary and non-contributory basis with respect to General, Auto, and Umbrella Liability." The Certificate of Liability Insurance provides for general liability coverage in the amount of $1,000,000 and umbrella liability coverage in the amount of $3,000,000. See, Exhibit "7".

68.     Contrary to Philadelphia Indemnity's assertion there is no evidence Millstat was negligent, Plaintiffs' Complaints contain allegations of negligence. Mr. Oates alleges Millstat "failed to provide proper fall protection, thus directly causing Plaintiff's injuries." See, Exhibit "1", ¶111.

69.     Millstat agreed to "defend, indemnify, and hold harmless C. Raymond Davis & Sons, Inc., its agents and employees from any and all claims, actions, damages, losses, liabilities, costs, legal fees and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Subcontractors work" … "caused in whole or in part by any acts or omissions of Subcontractors…" See, Exhibits "5" and "6".

70.     CIC must only show that Plaintiffs' Complaint, when liberally construed in favor of Davis, includes allegations to support a conclusion that Millstat was potentially negligent and that its negligence was a cause of Mr. Oates' injuries.

71.     Since the Complaint alleges Mr. Oates' injuries were caused in part by Millstat's negligence, Philadelphia Indemnity, as Millstat's insurer, has a duty to defend additional insured Davis.

72.     The Subcontract Agreement between Davis and Millstat specifies all insurances supplied by Millstat are to be "primary and noncontributory."  It is believed and therefore averred, the Philadelphia Indemnity policy supplied by Millstat is primary and CIC's policy shall be treated as excess and shall not contribute as primary with Philadelphia Indemnity.

WHEREFORE, CIC respectfully requests this Honorable Court, declare that Philadelphia Indemnity has a duty to defend Davis as an additional-insured in connection with the claims asserted in the underlying consolidated actions pending at docket no. 02036 and to reimburse costs incurred to date to defend Davis. Further, CIC requests this Court declare Philadelphia Indemnity's policy is primary to that of CIC with regard to any payment, including any indemnity payments.

## VI. Count III- Declaratory Judgment Regarding Everest Indemnity's Duty to Defend and to Indemnify

73.    CIC hereby incorporates by reference paragraphs 1-72 above as if fully set forth herein.

74.    CIC requested Everest Indemnity accept the tender of defense of Davis in the underlying consolidated civil actions since Davis is listed as an additional insured on Accelerated's Certificate of Liability Insurance. See, November 15, 2017 and March 6, 2018 letters from Gary Gluck of CIC to Everest Indemnity Claims Department, attached hereto as Exhibits "17" and "18".

75.    Pursuant to the Subcontract Agreement between Accelerated and additional-insured Davis, the Certificate of Liability Insurance for Everest Indemnity Commercial General Liability Policy No. 51GL005880-131 and Umbrella Liability Policy No. 51CC002061131, and the Policy related thereto, Everest Indemnity has an obligation to defend and to indemnify Davis against the claims arising out of the underlying lawsuit.

76.    Everest-insured Accelerated agreed to "defend, indemnify, and hold harmless C. Raymond Davis & Sons, Inc., its agents and employees from any and all claims, actions, damages, losses, liabilities, costs, legal fees and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Subcontractors work" ... "caused in whole or in part by any acts or omissions of Subcontractors..." See, Exhibits "8" and "9".

77.    Everest Indemnity remains fiscally responsible for defense costs associated with Mr. Oates' claim because Accelerated's Everest Indemnity Certificate of Liability Insurance lists Davis as an additional insured for Commercial General Liability and Umbrella Liability Insurance. According to the Certificate of Liability Insurance, Certificate Holder, C. Raymond Davis, is "included as additional insured including completed operations, on a primary and non-contributory basis as required by written contract. A waiver of subrogation in favor of the certificate holder is included." The Certificate of Liability Insurance provides for general liability coverage in the amount of $1,000,000 and umbrella liability coverage in the amount of $2,000,000. See, Exhibit "10".

78.    CIC must only show that Plaintiffs' Complaint, when liberally construed in favor of Accelerated, includes allegations to support a conclusion that Accelerated was potentially negligent and that its negligence was a cause of Mr. Oates' injuries.

79.    The Oates' Complaint alleges, among other things, Accelerated was negligent in that it "knew or should have known that falls from elevated heights are among the leading causes of severe injuries suffered by construction workers such as plaintiff" and "failed to provide proper fall protection, thus directly causing plaintiff's injuries." See, Exhibit "1", ¶122-123.

80.    Since the Complaint alleges Mr. Oates' injuries were caused in part by Accelerated's negligence, Everest Indemnity, as Accelerated's insurer, has a duty to defend additional insured Davis.

81.    The Subcontract Agreement between Davis and Accelerated specifies all insurances supplied by Accelerated are to be "primary and noncontributory." It is believed and therefore averred, the Everest Indemnity Policy supplied by Accelerated is primary and CIC's policy shall be treated as excess and shall not contribute as primary with Everest.

WHEREFORE, CIC respectfully requests this Honorable Court, declare that Everest Indemnity has a duty to defend Davis as an additional-insured in connection with the claims asserted in the underlying consolidated actions pending at docket no. 02036 and to reimburse costs incurred to date to defend Davis. Further, CIC requests this Court declare Everest Indemnity's policy is primary to that of CIC with regard to any payment, including any indemnity payments.

### VII. Prayer for Relief

WHEREFORE, Plaintiff, CIC, prays as follows:

1.  For a declaration that Union has a duty to defend Davis in the consolidated actions pending at docket no. 02036 and to reimburse CIC for defense costs incurred to date.

2.  For a declaration that Union's Commercial General Liability Policy No. CPA 4263678 is primary to that of CIC's Policy No. ENP 0180089 and non-contributory to that of CIC with regard to the indemnity of Davis.

3.  For a declaration that Union's Umbrella Liability Policy No. CPA4263678 is primary to that of CIC's Policy No. ENP 0180089 and non-contributory to that of CIC with regard to the indemnity of Davis.

4.  For a declaration that Philadelphia Indemnity has a duty to defend Davis in the consolidated actions pending at docket no. 02036 and to reimburse CIC for defense costs incurred to date.

5.  For a declaration that Philadelphia Indemnity's Commercial General Liability Policy No. PHPK980919 is primary to that of CIC's Policy No. ENP 0180089 and non-contributory to that of CIC with regard to the indemnity of Davis.

6.  For a declaration that Philadelphia Indemnity's Umbrella Liability Policy No.

PHUB411664 is primary to that of CIC's Policy No. ENP 0180089 and non-contributory to that of CIC with regard to the indemnity of Davis.

7. For a declaration that Everest Indemnity has a duty to defend Davis in the consolidated actions pending at docket no. 02036 and to reimburse CIC for defense costs incurred to date.

8. For a declaration that Everest Indemnity's Commercial General Liability Policy No. 51GL005880-131 is primary to that of CIC's Policy No. ENP 0180089 and non-contributory to that of CIC with regard to the indemnity of Davis.

9. For a declaration that Everest Indemnity's Umbrella Liability Policy No. 51CC002061131 is primary to that of CIC's Policy No. ENP 0180089 and non-contributory to that of CIC with regard to the indemnity of Davis.

10. In the alternative, a declaration that Union, Philadelphia Indemnity, and Everest Indemnity share equally in Davis' defense costs and primary indemnity for Davis.

11. For such other and further relief this Court may deem just and proper.

Respectfully submitted,

DAVIES, McFARLAND & CARROLL, LLC

By: _____
     Jason M. Logue, Esquire (Pa ID 89415)
     Kristin L. Pieseski, Esquire (Pa ID 76246)
     Sarah E. Anderson, Esquire (Pa ID 316304)
     Davies, McFarland & Carroll, LLC
     One Gateway Center, 10th Floor
     Pittsburgh, PA 15222
     Phone: 412-281-0737
     Fax: 412-261-7251
     Attorneys for Plaintiff:
     The Cincinnati Insurance Company

Respectfully submitted,

DAVIES, McFARLAND & CARROLL, LLC

By: _____
    Jason M. Logue, Esquire (Pa ID 89415)
    Kristin L. Pieseski, Esquire (Pa ID 76246)
    Sarah E. Anderson, Esquire (Pa ID 316304)
    Davies, McFarland & Carroll, LLC
    One Gateway Center, 10th Floor
    Pittsburgh, PA 15222
    Phone: 412-281-0737
    Fax: 412-261-7251
    Attorneys for Plaintiff:
    The Cincinnati Insurance Company

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served the foregoing document to all counsel of

record in the following manner on the __20__ day of March, 2018:

| | |
|---|---|
| Via Facsimile | _____ |
| Via Hand Delivery | |
| Via First Class U.S. Mail | __X__ |
| Via Overnight Mail | _____ |
| Via Certified Mail/ Return Receipt Request | _____ |

C. Raymond Davis
2124 Kimberton Road
Kimberton, Pennsylvania 19442

Union Insurance Company
P. O. Box 1594
Des Moines, IA 50306

Budget Maintenance, Inc.
135 Walnut Street
Pottstown, Pennsylvania 19464

Budget Maintenance Concrete Services, Inc.
800 Industrial Highway, Bldg. A.
Pottstown, Pennsylvania 19464

Budget Maintenance Industrial Services, Inc.
800 Industrial Highway, Bldg. A.
Pottstown, Pennsylvania 19464

Budget Maintenance Building Services, Inc.
135 Walnut Street
Pottstown, Pennsylvania 19464

Budget Maintenance Construction Services, Inc.
135 South Whitford Road
Exton, Pennsylvania 19464

Millstat, LLC
104 South Wayne Avenue
Wayne, Pennsylvania 19087

Philadelphia Indemnity Insurance Company
One Bala Plaza
Suite 100
Bala Cynwyd, PA 19004

Accelerated Fire Protection, Inc.
500 North Walnut Road
Kennett Square, Pennsylvania 19348

Everest Indemnity Insurance Company
P.O. Box 830
Liberty Corner, NJ 07938

Keares Electrical Contracting, Inc.
633 Jeffers Circle
Exton, Pennsylvania 19341

McNally Construction, LLC
35 Ashley Circle
Gilbertsville, Pennsylvania 19525

Longs Heating and Cooling, Inc.
829 Lincoln Avenue
Unit 2
West Chester, Pennsylvania 19380

Leon Oates
c/o Kenae Oates, Guardian
6429 Revere Street
Philadelphia, Pennsylvania 19149

Kenyatta Oates
6429 Revere Street
Philadelphia, Pennsylvania 19149

Malvern Preparatory School & Friends of Haverford Rowing, Joint Venture
a/k/a and/or d/b/a Malvern Preparatory School & The Haverford School
418 S. Warren Ave.
Malvern, Pennsylvania 19355

Malvern Preparatory School & Friends of Haverford
School Rowing, Joint Venture
418 S. Warren Ave.
Malvern, Pennsylvania 19355

Malvern Preparatory School
418 S. Warren Ave.
Malvern, Pennsylvania 19355

Friends of Haverford School Rowing a/k/a and/or d/b/a
The Haverford School
122 Trianon Lane
Villanova, Pennsylvania 19087

Friends of Haverford Rowing a/k/a and/or d/b/a Friends of
Haverford School Rowing
122 Trianon Lane
Villanova, Pennsylvania 19087

The Haverford School
450 West Lancaster Avenue
Haverford, Pennsylvania 19041

DAVIES, McFARLAND & CARROLL, LLC

By: _____
        JASON M. LOGUE, ESQUIRE
        KRISTIN L. PIESESKI, ESQUIRE
        SARAH E. ANDERSON, ESQUIRE
        Attorneys for Plaintiff:
        The Cincinnati Insurance Company

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 19, 2018.

_____

Gary Gluck of The Cincinnati Insurance Company